BRAD D. BRIAN (State Bar No. 79001)
 brad.brian@mto.com
TERRY E. SANCHEZ (State Bar No. 101318)
 terry.sanchez@mto.com
TINA CHAROENPONG (State Bar No. 242024)
 tina.charoenpong@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendant
RAYTHEON COMPANY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON TRIBBLE,<br><br>            Plaintiff,<br><br>      vs.<br><br>RAYTHEON COMPANY,<br><br>            Defendant. | CASE NO:   CV 07-3058 (JFW)(SHx)<br>AMENDED STIPULATION REGARDING PROTECTIVE ORDER CONCERNING CONFIDENTIAL DOCUMENTS AND [PROPOSED] ORDER THEREON |

   WHEREAS, Defendant Raytheon Company ("Defendant") has requested production by Plaintiff Aaron Tribble ("Plaintiff") of certain documents, including employment records, income tax returns, and medial reports;

   WHEREAS, Plaintiff has asserted that information contained therein is confidential and private information not in the public domain and would potentially infringe Plaintiff's privacy rights;

   WHEREAS, Plaintiff has requested production by Defendant of certain documents, including information regarding military technology, military product testing results, personnel files, employee handbooks, company policies,

employee information, and other documents relating to Plaintiff's employment with Defendant;

WHEREAS, Defendant has asserted that information contained therein is confidential and propriety information not in the public domain, would potentially infringe individual privacy rights and undermine Defendant's competitiveness in the marketplace if such information was unnecessarily disclosed, and includes trade secret information regarding military technology;

WHEREAS, for the aforementioned reasons, the parties believe that good cause exists for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, to expedite discovery in this action, while protecting the above-referenced documents and information from unrestricted disclosure to or discovery by third parties, the parties have agreed to production of documents and information upon the terms and conditions specified herein;[1]

NOW, THEREFORE,

Subject to the approval of this Court, the parties hereby stipulate to the following Protective Order ("Order"):

1.  In connection with discovery proceedings in this action, any party to this action or any third party providing discovery material in this action ("Producing Party") may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Order. Confidential information is information which has not been made public and which either is, concerns, or relates to personal, private information, or concerns or relates to the proprietary information used by the parties in, or pertaining to, their business, which is not generally known and which the parties would not normally reveal to third parties or would cause third parties to maintain

---

[1] The parties had previously stipulated to a protective order but failed to set forth good cause for the protective order. The parties hereby submit this Amended Stipulation to remedy this defect.

in confidence, including, without limitation, personnel information, trade secrets, financial data, investigatory information, contracts and agreements, current and future business plans, and marketing documents.

2.   Material designated as "Confidential" pursuant to this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "Confidential" ("Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, except as specifically permitted in paragraph 7 below, and for no other purpose.

3.   Confidential documents shall be so designated by stamping copies of the document produced to a party (the "Receiving Party") with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page documents shall designate all pages of the document as Confidential, unless otherwise indicated by the Producing Party. A Producing Party's designation of information as "Confidential" pursuant to this Order shall constitute a representation that the Producing Party has reviewed the information and has a good faith basis for its designation.

4.   A Producing Party may designate testimony taken at a deposition as "Confidential" by making a statement to that effect on the record at the deposition. A court reporter taking and/or transcribing such deposition shall separately bind such portions of the transcript designated hereunder, and shall label such portions to clearly identify the designation provided.

5.   Confidential Material may be disclosed or made available only to the Court, to counsel of record in this action or in-house counsel for a party, any paralegal, clerical, or secretarial staff who is employed by outside counsel of record in this action and whose receipt of such Confidential Material is deemed necessary by such counsel to aid in the prosecution, defense, or settlement of this action, or to the Department of Justice as specifically permitted by and according to the

procedures set forth in paragraph 7 below, and to the "qualified persons" designated below:

    (a) A party, or an officer, director, or employee of a party whose receipt of such Confidential Material is deemed necessary to aid in the prosecution, defense, or settlement of this action by counsel of record in this action or in-house counsel;

    (b) Experts or consultants designated by a party;

    (c) court reporter(s) and videographer(s) employed in this action;

    (d) a witness at any deposition or other proceeding in this action, provided that it appears from the face of the Confidential Material that such witness had access to the same independent of this action (the fact that Confidential Material may be disclosed in a deposition or other proceeding to a court reporter or witness does not permit the disclosure of such Confidential Material during the same deposition or other proceeding to other persons not otherwise included in the list of qualified persons);

    (e) Plaintiff's spouse; and

    (f) any other person as to whom the Producing Party agrees in writing.

Prior to receiving any Confidential Material, each "qualified person" (other than an independent court reporter retained to transcribe or videotape depositions) shall be provided with a copy of this Order and shall execute an agreement to be bound in the form of Attachment A. It shall be the duty of counsel of record in this case to maintain the signed copies of any such agreements to be bound.

    6. Only counsel of record in the action, personnel from the office of counsel, in-house counsel and "qualified" persons under paragraph 5 above may attend depositions at which Confidential Material is used or discussed.

    7. Plaintiff shall comply with the following procedure if he desires to disclose any Confidential Material to the Department of Justice for the purpose of

informing the Department of Justice of additional facts regarding the False Claims Act allegations set forth in the Complaint: Plaintiff shall provide at least fifteen (15) days' written notice to Defendant's counsel prior to disclosing or making available any Confidential Material to the Department of Justice. Notice shall specify the document(s) that will be disclosed. The Producing Party may challenge the disclosure and, if the parties cannot come to a resolution, may notify the Court of its objection within fifteen (15) days' of Plaintiff's written notice and request expedited briefing and determination of the objection. The Producing Party shall bear the burden of showing that disclosure is not warranted. Until such time as any objection is resolved, Plaintiff may not disclose any Confidential Material. The Producing Party shall not use the fifteen (15) days' notice or such time to subsequently resolve any objection to self-disclose the Confidential Material to the government.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as "Confidential", is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the "Confidential" portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the "Confidential" portions are not segregable). The application shall be directed to the Judge or Magistrate Judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal and may be disclosed only to those persons qualified to have access to such material under the provisions of Paragraphs 5 and 7 hereof.

10. A Producing Party that inadvertently fails to designate discovery material (whether written documents or deposition testimony) as "Confidential" at the time of its production or disclosure shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. Those individuals who reviewed the re-designated discovery material prior to notice of the re-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the re-designated materials.

11. A Producing Party that inadvertently produces any document or other information during discovery in this action that is otherwise privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information. Upon receipt of a written request for return by the inadvertently Producing Party, the party to whom that information was produced (a) shall immediately return destroy the original and all copies (physical or electronic) of such material and shall send the Producing Party written confirmation of that destruction within ten (10) calendar days of having received the request and (b) shall not thereafter use such information for any purpose unless authorized to do so by the Court. The Receiving Party shall also have an obligation to notify the Producing Party if it realizes that documents produced to it should have been designated as privileged.

12. Any party may make a good faith written objection to the designation of any document, response, testimony, or information as "Confidential Material" and may make a motion for an order compelling disclosure of and/or access to such material without restriction. Applicable California law shall govern the burden and standard of proof on any such motion.

13. This Order shall be without prejudice to the right of the parties to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

14. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or of altering any existing obligation of any party or the absence thereof.

15. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder, and all parties consent to the jurisdiction of this Court over them to resolve any such dispute. Within sixty (60) days of the final resolution of this action, unless counsel for the parties agree in writing otherwise, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as "Confidential" and all copies of same, or shall certify the destruction thereof. Notwithstanding the foregoing, the stipulation and protective order shall not control

| | |
|---|---|
| 1 | the return or destruction of any materials provided to the United States Attorney |
| 2 | General's or United States Attorney's office pursuant to paragraph 7, above. |

DATED: March __, 2009        LAW OFFICE OF MARVIN KRAKOW
                                                      MARVIN E. KRAKOW

By: _____
      MARVIN E. KRAKOW

Attorneys for Plaintiff
AARON TRIBBLE

DATED: March __, 2009        MUNGER, TOLLES & OLSON LLP
                                                      BRAD D. BRIAN
                                                      TERRY E. SANCHEZ
                                                      TINA CHAROENPONG

By: _____
      TERRY E. SANCHEZ

Attorneys for Defendant
RAYTHEON COMPANY

IT IS HEREBY ORDERED that the Protective Order pursuant to Federal Rule of Civil Procedure 26(c) be, and is hereby, entered.

DATED: 3/13/2009

/s/
Hon. Stephen J Hillman
United States Magistrate Judge

7285681.2 - 9 -
AMENDED STIPULATION REGARDING
PROTECTIVE ORDER CONCERNING
CONFIDENTIAL DOCUMENTS AND ORDER

<u>Attachment A</u>

| | |
|---|---|
| AARON TRIBBLE,<br><br>         Plaintiff,<br><br>vs.<br><br>RAYTHEON COMPANY,<br><br>         Defendant. | CASE NO:  CV 07-3058 (JFW)(SHx)<br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER CONCERNING CONFIDENTIAL DOCUMENTS |

I have read the Protective Order ("Order") entered in the above-captioned action. I understand the Order's terms, and agree to be fully bound by those terms. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of the enforcement of this Agreement. I understand, in particular, that any Confidential Material (as defined in the Order) may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, any business or commercial purpose.

Dated: _____

Agreed:

_____
(Signature)

Name: _____

Address: _____