BRAD D. BRIAN (State Bar No. 79001)
  brad.brian@mto.com
TERRY E. SANCHEZ (State Bar No. 101318)
  terry.sanchez@mto.com
TINA CHAROENPONG (State Bar No. 242024)
  tina.charoenpong@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant
RAYTHEON COMPANY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON TRIBBLE,<br><br>           Plaintiff,<br><br>      vs.<br><br>RAYTHEON COMPANY,<br><br>           Defendant. | CASE NO:  CV 07-3058 (JFW)(SHx)<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S STATEMENT OF GENUINE ISSUES OF MATERIAL FACT**<br><br>[Reply in Support of Defendant Raytheon Company's Motion for Summary Judgment or, in the Alternative, Summary Adjudication of Issues; Supplemental Declaration of Terry E. Sanchez in Support of Defendant's Reply; and Defendant's Response to Plaintiff's Statement of Genuine Issues of Material Fact Filed Concurrently Herewith]<br><br>Judge: Hon. John F. Walter<br>Date: September 14, 2009<br>Time: 1:30 p.m.<br>Pre-trial Conf. Date: November 6, 2009<br>Trial Date: November 17, 2009 |

Defendant Raytheon Company ("Raytheon") hereby objects to and moves to strike statements contained in Plaintiff's Responses to Fact Nos. 10, 14, 15, 17, 19, 20, 25, 52, and 56 and in Additional Disputed Fact Nos. 65, 66, 68, and 71 of Plaintiff's Statement of Genuine Issues of Material Fact ("Plaintiff's Statement"). Plaintiff's Statement purports to "dispute" many of the facts contained in Raytheon's Statement of Uncontroverted Facts and Conclusions of Law, but an examination of the individual responses contained therein reveals that the responses do not actually dispute the facts set forth by Raytheon, nor provide any contradictory evidence. In many instances, Plaintiff inserts matters not at issue in the undisputed fact by adding factually unsupported assertions or mischaracterizing the cited evidence.

Defendant objects to the following portions of Plaintiff's Statement:

OBJECTION NO. 1:  Plaintiff's Statement Paragraph 10

Objection to Plaintiff's Response that Raytheon Company "ultimately sold the product for use in tanks by American soldiers" on the grounds that the Response lacks foundation and is not supported by the cited testimony. Thus, Plaintiff has not set out specific facts showing a genuine issue for trial with respect to Raytheon's Uncontroverted Fact No. 10. *See* FED. R. CIV. PROC. 56(e)(2); *Marks v. United States (Department of Justice)*, 578 F.2d 261, 263 (9th Cir. 1978) ("Conclusory allegations unsupported by factual data will not create a triable issue of fact."). Moreover, Plaintiff's Response does not a create a dispute as to Raytheon's Uncontroverted Fact No. 10.

Plaintiff's Response mischaracterizes the cited testimony, which states only that Ms. Heidt was aware that there had had been a government contract for SGDA units in the past but that there was no such contract at the time she was involved in the SGDA program. Heidt Depo. at 49:18 – 52:2, Krakow Decl., Exh. B. At the time of Plaintiff's June 2005 presentation, there was no United States

government contract for the SGDA program, and Plaintiff's presentation pertained to a unit sold to a Korean customer. *Id.*; Facts 3, 6, and 9.

### OBJECTION NO. 2: Plaintiff's Statement Paragraph 14

Objection to Plaintiff's statement, "Although Plaintiff believed that his report was part of his duties, his manager, Jackie Heidt, considered his use of the term 'latent defect' improper" on the grounds that the statement lacks foundation and is not supported by the cited testimony. Thus, Plaintiff has not set out specific facts showing a genuine issue for trial with respect to Raytheon's Uncontroverted Fact No. 14. *See* FED. R. CIV. PROC. 56(e)(2); *Marks*, 578 F.2d at 263. Moreover, Plaintiff's Response does not a create a dispute as to Raytheon's Uncontroverted Fact No. 14.

Plaintiff's Response mischaracterizes the cited testimony. The cited testimony does not state that Ms. Heidt considered his use of the term "latent defect" to be improper, but rather that she thought he used the term incorrectly and without any backup data. Heidt Depo. at 52:18 – 54:14, Krakow Decl., Exh. B. Moreover, Plaintiff's statement is made to dispute Fact 14, which states that Plaintiff's June 2005 presentation, his raising of a possible latent defect issue, and his recommendations were all part of his job duties. However, the cited testimony does not indicate in any way that Ms. Heidt thought Plaintiff was acting outside the scope of his duties. *Id.*

### OBJECTION NO. 3: Plaintiff's Statement Paragraph 15

Objection to Plaintiff's statements, "Ms. Heidt and Mr. Gale acknowledged that the term 'latent defect' was understood by them to require action by Raytheon in order to determine the cause of a latent defect and to correct the problem" and "Mr. Stephen Black . . . explicitly encouraged him to raise his concerns loudly because lives were at stake" on the grounds that these statements lack foundation and are not supported by the cited testimony. Thus, Plaintiff has not set out specific facts showing a genuine issue for trial with respect to

1  Raytheon's Uncontroverted Fact No. 15. *See* FED. R. CIV. PROC. 56(e)(2); *Marks*,
2  578 F.2d at 263.
3          Plaintiff's statements mischaracterize the cited testimony. With
4  respect to the first statement, Ms. Heidt's cited testimony states only that she was
5  aware that in the past Raytheon had sold SGDA units to the United States
6  government. Heidt Depo. at 13:5-7, Krakow Decl., Exh. B. Mr. Gale's cited
7  testimony states only that if there is an *actual* latent defect Raytheon would need to
8  notify the government. Gale Depo. at 24:4-13, Krakow Decl., Exh. C. Neither
9  witness's cited testimony states that the mere use of the term "latent defect" as a
10  potential cause of a failure in one particular unit was understood by them to require
11  Raytheon to determine the cause of or correct the alleged problem. Thus, Plaintiff's
12  Response has no factual support. *Marks*, 578 F.2d at 263.
13          Plaintiff takes Mr. Black's statement completely out of context. As
14  Ms. Heidt's testimony makes clear, this statement was made to Plaintiff in
15  connection with a different issue on a different program and product, and Ms. Heidt
16  states that she would agree with these statements with respect to the SGDA "*[i]f*
17  *there were similar issues*" on that program. Heidt Depo. at 72:12 – 76:10,
18  Supplemental Declaration of Terry E. Sanchez ("Supp. Sanchez Decl."), Exh. E
19  (emphasis added).
20          <u>OBJECTION NO. 4: Plaintiff's Statement Paragraph 17</u>
21          Objection to the supporting interrogatory response, Plaintiff's
22  Responses to First Set of Interrogatories, Interrogatory No. 1. Plaintiff's own
23  interrogatory response is inadmissible to the extent it constitutes hearsay and does
24  not fall under any exception to the hearsay rule. *See* FED. R. EVID. 801; *AT&T*
25  *Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008) (a party's own
26  interrogatory responses are hearsay and do not constitute admissible evidence);
27  *Miller v. International Business Machines Corp.*, No. C02-02118, 2007 WL
28  1148996 at *2 (N.D. Cal., Apr. 18, 2007) (plaintiff's own interrogatory responses

constitute hearsay and are inadmissible to show plaintiff satisfies elements of own claim). Moreover, Plaintiff's cited interrogatory response contains both speculation and conclusory assertions and as such is insufficient to create a genuine issue of material fact. *See* FED. R. CIV. PROC. 56(e)(2); *Marks*, 578 F.2d at 263.

OBJECTION NO. 5:  Plaintiff's Statement Paragraph 19

Objection to the cited deposition testimony of Jackie Heidt at 67:13-21 and the report to the Department of Justice to which Plaintiff's Response references, on the grounds that the evidence lacks foundation and thus is inadmissible. FED. R. EVID. 901.

Ms. Heidt testified that she did not draft the report and did not recall reviewing the report. Heidt Depo. at 63:14-22, Supp. Sanchez Decl., Exh. E. Therefore, she lacks knowledge to authenticate the report, and her recitation of her understanding of what the report states is inadmissible as being without foundation and irrelevant.

Should the Court wish to admit Plaintiff's cited testimony, Defendant submits relevant portions of the report to the Department of Justice to place the cited testimony in context. Supp. Sanchez Decl., Exh. F. During Ms. Heidt's deposition, counsel for Raytheon objected to Plaintiff's counsel showing Ms. Heidt select pages of the report without putting the page in context of the report's surrounding pages. Heidt Depo. at 66:14 – 67:11, Supp. Sanchez Decl., Exh. E. As a review of pages 44 and 50 through 54 of the report shows, out of over 2,000 units delivered, cracked epoxy or bent struts "might" have been the cause of the failure in only four of twelve units and that even on those, mishandling "can also cause epoxy cracks." Response to Department of Justice Investigation Regarding Second Generation Detective Assembly A-12 Epoxy Bond ("Response to DOJ") at p. 54. Thus, Mr. Black's Declaration, stating that CR 11071 had catastrophic damage and that he was aware of only one other unit with similar damage and that unit had been dropped, remains undisputed.

OBJECTION NO. 6: Plaintiff's Statement Paragraph 20

Objection to Plaintiff's Response that "Ms. Heidt understood that Mr. Tribble's report would have required Raytheon to report the problem to the United States government and to initiate corrective actions" on the grounds that the Response lacks foundation and is not supported by the cited testimony. Thus, Plaintiff has not set out specific facts showing a genuine issue for trial with respect to Raytheon's Uncontroverted Fact No. 20. *See* FED. R. CIV. PROC. 56(e)(2); *Marks*, 578 F.2d at 263.

Plaintiff's Response mischaracterizes the cited testimony. Nothing in Ms. Heidt's testimony states anything about her understanding of Plaintiff's draft report, much less that it would have required Raytheon to report a problem to the government or to initiate corrective action. Rather, her testimony states only that she agreed with Mr. Black's statement, concerning a different product (SADA II), that "our soldiers count on this product working every time" and agreed that the same applied to the SGDA. Heidt Depo. at 75:7 – 76:10, Krakow Decl., Exh. B.

OBJECTION NO. 7: Plaintiff's Statement Paragraph 25

Objection to Plaintiff's statements, "Ms. Heidt and Mr. Gale acknowledged that the term 'latent defect' was understood by them to require action by Raytheon in order to determine the cause of a latent defect and to correct the problem" and "Mr. Stephen Black . . . explicitly encouraged him to raise his concerns loudly because lives were at stake" on the grounds that these statements lack foundation and are not supported by the cited testimony. Thus, Plaintiff has not set out specific facts showing a genuine issue for trial with respect to Raytheon's Uncontroverted Fact No. 25. *See* FED. R. CIV. PROC. 56(e)(2); *Marks*, 578 F.2d at 263.

Plaintiff's statements mischaracterize the cited testimony. With respect to the first statement, Ms. Heidt's cited testimony states only that she was aware that in the past Raytheon had sold SGDA units to the United States

government. Heidt Depo. at 13:5-7, Krakow Decl., Exh. B. Mr. Gale's cited testimony states only that if there is an *actual* latent defect in a product provided to the United States government as part of a government contract, Raytheon would need to notify the government. Gale Depo. at 24:4-13, Krakow Decl., Exh. C. Neither witness's cited testimony states that the mere use of the term "latent defect" as a potential cause of a failure in one particular unit was understood by them to require Raytheon to determine the cause of or correct the alleged problem. Thus, Plaintiff's Response has no factual support. *Marks*, 578 F.2d at 263.

Plaintiff takes Mr. Black's statement completely out of context. As Ms. Heidt's testimony makes clear, this statement was made to Plaintiff in connection with a different issue on a different program and product, and Ms. Heidt states that she would agree with these statements with respect to the SGDA "*[i]f there were similar issues*" on that program. Heidt Depo. at 72:12 – 76:10, Supp. Sanchez Decl. Exh. E (emphasis added).

OBJECTION NO. 8: Plaintiff's Statement Paragraph 52

Objection to Plaintiff's Response that "[a]lthough making recommendations for testing customer returns was a stated part of Mr. Tribble's job, Ms. Heidt did not treat it that way. Rather she retaliated against Mr. Tribble for trying to locate a root cause of problems with Raytheon's night vision senosr systems" on the grounds that this Response lacks foundation and is not supported by the cited testimony. Thus, Plaintiff has not set out specific facts showing a genuine issue for trial with respect to Raytheon's Uncontroverted Fact No. 52. *See* FED. R. CIV. PROC. 56(e)(2); *Marks*, 578 F.2d at 263. Moreover, Plaintiff's Response does not a create a dispute as to Raytheon's Uncontroverted Fact No. 52.

Plaintiff's Response mischaracterizes the cited testimony. Nothing in the cited testimony states that Ms. Heidt did not treat Plaintiff's recommendations as part of his duties or that she retaliated against Plaintiff for trying to locate a root cause of problems with the SGDA. Ms. Heidt's testimony states only that when she

1  saw Plaintiff's presentation, she told Mr. Gale that "this is the last straw" and hence
2  requested his removal from her programs. Heidt Depo. at 60:17-21, Krakow Decl.,
3  Exh. B. She did so because Plaintiff's use of the term "latent defect" in the
4  presentation was an incorrect use of the term and was not supported by backup data.
5  Heidt Depo. at 52:18 – 54:14, Krakow Decl., Exh. B. Ms. Heidt also testified,
6  however, that she had repeatedly requested Plaintiff's removal from her programs
7  before the presentation, because of, among other things, his poor technical writing
8  abilities and lack of thoroughness and dedication. Heidt Depo. at 20:23 – 21:16,
9  Supp. Sanchez Decl., Exh. E. Similarly, nothing in Mr. Gale's cited testimony
10 states that Ms. Heidt did not treat Plaintiff's recommendations as part of his duties
11 or that she retaliated against him. Gale Depo. at 35:10-19; 38:12 – 39:8; 46:18 –
12 47:25; 48:4 – 49:4, Krakow Decl., Exh. C.

### OBJECTION NO. 9: Plaintiff's Statement Paragraph 56

Objection to Plaintiff's statement that "Mr. Tribble would not have been the lowest ranked employee absent Ms. Heidt's retaliatory actions" on the grounds that this statement lacks foundation and is not supported by the cited testimony. Thus, Plaintiff has not set out specific facts showing a genuine issue for trial with respect to Raytheon's Uncontroverted Fact No. 56. *See* FED. R. CIV. PROC. 56(e)(2); *Marks*, 578 F.2d at 263. Moreover, Plaintiff's Response does not a create a dispute as to Raytheon's Uncontroverted Fact No. 56.

Plaintiff's statement mischaracterizes the cited testimony, which at no point states that Ms. Heidt "retaliated" against Plaintiff or that Mr. Tribble would not have been the lowest ranked employee absent Ms. Heidt's actions. Gale Depo. at 35:10-19; 38:12 – 39:8; 46:18 – 47:25; 48:4 – 49:4, Krakow Decl., Exh. C.

### OBJECTION NO. 10: Plaintiff's Statement Paragraph 65

Objection to Plaintiff's statement that his investigation of a potential latent defect and effort to isolate the root cause was "necessary" on the grounds that this characterization lacks foundation and is not supported by the cited testimony.

Thus, Plaintiff has not set out specific facts showing a genuine issue for trial with respect to Raytheon's Uncontroverted Fact No. 65. *See* FED. R. CIV. PROC. 56(e)(2); *Marks*, 578 F.2d at 263.

Plaintiff's statement mischaracterizes the cited testimony, which at no point states that such an investigation and effort was necessary. Ms. Heidt's testimony states only that it is reasonable to rule out potential causes of a failure "if a root cause investigation was warranted" and that Plaintiff's suggestion that Raytheon might want to consider a latent defect was not unreasonable. Heidt Depo. at 59:15 – 60:15, Krakow Decl., Exh. B. Mr. Gale's testimony states only that it is important to consider the possibility of a latent defect and that part of an investigation is to look at all possible reasons for failure and eliminate them. Gale Depo. at 24:9 – 25:8, Krakow Decl., Exh. C.

### OBJECTION NO. 11: Plaintiff's Statement Paragraph 66

Objection to Plaintiff's characterization of the epoxy as "faulty," on the grounds that the characterization lacks foundation and is not supported by the cited testimony. Thus, Plaintiff has not set out specific facts showing a genuine issue for trial with respect to Raytheon's Uncontroverted Fact No. 66. *See* Fed. R. Civ. Proc. 56(e)(2); *Marks*, 578 F.2d at 263.

Plaintiff's Response outrageously mischaracterizes the cited testimony. That testimony only describes what the SGDA is, that it is used in tanks that, for example, the federal government may buy, and that is sometimes referred to as part of a night vision system. This testimony makes *no reference* to epoxy, let alone to any indication that the epoxy might be "faulty," and hence Plaintiff's characterization has no factual support.

### OBJECTION NO. 12: Plaintiff's Statement Paragraph 68

Objection to Plaintiff's statement that Ms. Heidt "decided" to relieve Mr. Tribble of his responsibilities and that Raytheon put him on a performance improvement plan "because" of his presentation, on the grounds that these

1  statements lack foundation and are not supported by the cited testimony. Thus,
2  Plaintiff has not set out specific facts showing a genuine issue for trial with respect
3  to Raytheon's Uncontroverted Fact No. 68. *See* FED. R. CIV. PROC. 56(e)(2);
4  *Marks*, 578 F.2d at 263.

5  Plaintiff's statements mischaracterize the cited testimony. First, Ms.
6  Heidt did not "decide" to relieve Plaintiff of his responsibilities, because it was not
7  Ms. Heidt's decision to do so: Mr. Gale was in charge of assigning personnel and
8  worked with Ms. Heidt to resolve any issues the program had. Heidt Depo. at
9  10:17 – 11:10, Supp. Sanchez Decl., Exh. E. Second, Raytheon did not put
10 Plaintiff on a performance improvement plan "because" of the presentation, but
11 rather for a number of reasons, only one of which was the presentation. Plaintiff's
12 statement that this action was taken "because" of the presentation lacks foundation:
13 Mr. Gale's testimony states only that Ms. Heidt's stated concerns were a "part of
14 the whole consideration" to put Plaintiff on a performance improvement program.
15 Gale Depo. at 46:18-23; 47:9-13, Krakow Decl., Exh. C. For example, Ms. Heidt
16 had repeatedly requested that Mr. Tribble be removed from her program before
17 Plaintiff drafted the presentation because of, among other things, his poor technical
18 writing abilities and lack of thoroughness and dedication. Heidt Depo. at 20:23 –
19 21:16, Supp. Sanchez Decl, Exh. E.

20 <u>OBJECTION NO. 13: Plaintiff's Statement Paragraph 71</u>

21 Objection to Plaintiff's Response on the grounds that the Response
22 lacks foundation and is not supported by the cited testimony. Thus, Plaintiff has
23 not set out specific facts showing a genuine issue for trial with respect to
24 Raytheon's Uncontroverted Fact No. 71. *See* FED. R. CIV. PROC. 56(e)(2); *Marks*,
25 578 F.2d at 263.

26 Plaintiff's Response mischaracterizes the cited testimony, which states
27 only that Ms. Heidt was aware that in the past Raytheon had sold SGDA units to
28 the United States government. Heidt Depo. 13:5-7. Nothing in the cited testimony

1  states that Raytheon was required to report a latent defect in the SGDA to the
2  United States government as part of its contract obligations.
3  DATED: September 4, 2009            Respectfully submitted,
4
5                                       MUNGER, TOLLES & OLSON LLP
                                        BRAD D. BRIAN
                                        TERRY E. SANCHEZ
6                                       TINA CHAROENPONG
7
8                                       By _____
                                            TINA CHAROENPONG
9                                           Attorneys for Defendant
                                            RAYTHEON COMPANY

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I, the undersigned, declare that I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California 90071-1560.

On September 4, 2009, I served upon the interested party(ies) in this action the foregoing document(s) described as: **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S STATEMENT OF GENUINE ISSUES OF MATERIAL FACT**

[X] By placing the original(s), a true and correct copy(ies) thereof, as set out below, in an addressed, sealed package(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

[ ] **BY PERSONAL SERVICE (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope to be delivered by hand to the office of the addressee by local courier service; and/or

[ ] **BY FEDERAL EXPRESS OVERNIGHT DELIVERY (AS INDICATED ON ATTACHED SERVICE LIST)** I delivered the sealed Federal Express envelope(s) to an employee authorized by Federal Express to receive documents, with delivery fees paid or provided for.

[ ] **BY Electronic Mail (AS INDICATED ON ATTACHED SERVICE LIST)** By sending a copy of said document by electronic mail for instantaneous transmittal.

[X] **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By causing to be sent a true and correct copy(ies) of said document via facsimile transmission. The transmission was reported as complete and without error. A true and correct copy of the machine's transmission report, indicating the date and time that the transmission was completed without error is attached to this proof of service and is incorporated herein by this reference. The telephone number of the facsimile machine I used was (213) 683-9510. This facsimile machine complies with Rule 2003(3) of the California Rules of Court.

[ ] **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

[X] **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America and the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 4, 2009, at Los Angeles, California.

_____
Marsha Oseas

6117324.1

- 1 -

PROOF OF SERVICE

## SERVICE LIST

*Aaron Tribble v. Raytheon Company*

CASE NO.: CV 07-3058 JFW (SHx)

Marvin E. Krakow, Esq.
Alexander Krakow & Glick, LLP
401 Wilshire Blvd., Suite 1000
Santa Monica, CA 90401

*Email: mkrakow@akgllp.com*

Tel: (310) 394-0888
Fax: (310) 394-0811

Counsel for Plaintiff


Phillip E. Benson, Esq.
Warren-Benson
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660

*Email: philbenson@warrenbensonlaw.com*

Tel: (949) 721-6636
Fax: (949) 955-5177

Co-counsel for Plaintiff

6117324.1
Updated 8/11/09

- 2 -