BRAD D. BRIAN (State Bar No. 79001)
*brad.brian@mto.com*
TERRY E. SANCHEZ (State Bar No. 101318)
*terry.sanchez@mto.com*
TINA CHAROENPONG (State Bar No. 242024)
*tina.charoenpong@mto.com*
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant
RAYTHEON COMPANY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON TRIBBLE,<br><br>             Plaintiff,<br><br>     vs.<br><br>RAYTHEON COMPANY,<br><br>             Defendant. | CASE NO:  CV 07-3058 (JFW)(SHx)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE ISSUES OF MATERIAL FACT**<br><br>[Reply in Support of Defendant Raytheon Company's Motion for Summary Judgment or, in the Alternative, Summary Adjudication of Issues; Supplemental Declaration of Terry E. Sanchez in Support of Defendant's Reply; and Defendant's Objections to Plaintiff's Statement of Genuine Issue of Material Fact Filed Concurrently Herewith]<br><br>Judge: Hon. John F. Walter<br>Date: September 14, 2009<br>Time: 1:30 p.m.<br>Pre-trial Conf. Date: November 6, 2009<br>Trial Date: November 17, 2009 |

Defendant Raytheon Company ("Raytheon") submits the following Response to Plaintiff's Statement of Genuine Issues of Material Facts.

| FACT | PLAINTIFF'S STATEMENT | DEFENDANT'S RESPONSE |
|---|---|---|
| 1 | Undisputed. | Undisputed. |
| 2 | Disputed in part. Plaintiff also reported to Jackie Heidt in her capacity as program manager for the SGDA and SADA projects. Ms. Heidt had input into Mr. Tribble's evaluations and effectively recommended his removal from the programs she managed. Heidt Dep. 14:15-18; 15:7 – 10; 35:7 – 14; 60:17-21; 61:17 – 62:18, Krakow Decl. Ex. B. Deposition of Mostyn Gale, 35:10 - 19; 38:12 - 39:8; 46:18 - 47:25; 48:4 - 49:4, Krakow Decl., Ex. C. | Defendant's Response: Nothing in Plaintiff's Response or his cited evidence conflicts with Fact 2, and so that Fact remains undisputed. |
| 3 | Undisputed. | Undisputed. |
| 4 | Undisputed. | Undisputed. |
| 5 | Undisputed. | Undisputed. |
| 6 | Undisputed. | Undisputed. |
| 7 | Undisputed. | Undisputed. |
| 8 | Undisputed. | Undisputed. |
| 9 | Undisputed | Undisputed. |
| 10 | Disputed in part. Although | Defendant's Response: Nothing in |

8738681.1

DEFENDANT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF GENUINE ISSUES OF
MATERIAL FACT

| | | |
|---|---|---|
| | Raytheon sometimes used the term customer to refer to the relationship between Raytheon Vision Systems, where Mr. Tribble worked and Raytheon Combat Systems, where Mr. Tank worked, those were not separate legal entities. Both were parts of Defendant Raytheon Company which ultimately sold the product for use in tanks by American soldiers. Heidt Dep. 49:18 – 52:2, Krakow Decl., Ex. B. Mr. Tank's relationship with Mr. Tribble and with Raytheon Vision Systems was collaborative and supportive of their shared goal of selling to and providing service to Raytheon Company's external customer. Heidt Depo. 55:2-11, Krakow Decl., Ex. B. | Plaintiff's Response or his cited evidence conflicts with Fact 10, and so that Fact remains undisputed. Additionally, Plaintiff's statement that Raytheon Company "ultimately sold the product for use in tanks by American soldiers" lacks foundation and mischaracterizes Ms. Heidt's testimony, which does not support Plaintiff's statement. Heidt Depo. at 49:18-52:2. [*See* Defendant's Objections to Plaintiff's Statement of Genuine Issues of Material Fact ("Obj.") at ¶ 1.] |
| 11 | Undisputed. | Undisputed. |
| 12 | Undisputed. | Undisputed. |
| 13 | Undisputed. | Undisputed. |
| 14 | Disputed in part. Although Plaintiff believed that his report was part of his duties, his project manager, Jackie Heidt, considered his use of | Defendant's response: Nothing in Plaintiff's Response or his cited evidence conflicts with Fact 14, and so that Fact remains undisputed. |

| | | |
|---|---|---|
| | the term "latent defect" improper. Heidt Depo. 52:18 – 54:14, Krakow Decl., Ex. B. | Plaintiff's Response lacks foundation and mischaracterizes the cited testimony, which does not support Plaintiff's Response. Heidt Depo. at 52:18 – 54:14. [*See* Obj. at ¶ 2.] |
| 15 | Disputed. The deposition testimony cited by Defendant (apparently at page 51, not page 50) takes the term "ethical issue" out of context. The answer cited by Defendant as well as the following questions and responses reveal that Mr. Tribble took the term "ethical issue" to refer to his reports of mistreatment of him by Raytheon, not to Raytheon's ethical obligations to notify the United States government of and to correct the latent defect problem. Plaintiff Depo. at 51:19 – 52:7, Krakow Declaration, Ex. A. Ms. Heidt and Mr. Gale acknowledged that the term "latent defect" was understood by them to require action by Raytheon in order to determine the cause of a latent defect and to correct the problem. | Defendant's Response: Plaintiff's Response lacks foundation and mischaracterizes the cited testimonies of Ms. Heidt and Mr. Gale, which do not support Plaintiff's Response. Heidt Depo. at 13:5-7; Gale Depo. at 24:4-13. [*See* Obj. at ¶ 3.] |

| | | |
|---|---|---|
| | Heidt Dep. 13:5-7, Krakow Decl., Ex. B; Gale Dep., 24:4-13, Krakow Decl., Ex. C. Mr. Stephen Black, who had the job of providing mentoring and guidance to Mr. Tribble explicitly encouraged him to raise his concerns loudly because lives were at stake. Heidt Depo. 74:7 – 75:9, Krakow Decl., Ex. B. | |
| 16 | Undisputed. | Undisputed. |
| 17 | Disputed in part. Defendant relies on an improper contention interrogatory disguised as a deposition question and answer. Plaintiff identified a series of retaliatory circumstances in his responses to Defendant's Interrogatories, including his superiors' resistance to his efforts to fully investigate the possible causes of the failure of the SGDA product. Plaintiff's Responses to First Set of Interrogatories, Interrogatory No. 1, Krakow Decl., Ex. D | Defendant's Response: Objection that Plaintiff improperly relies in whole on his own interrogatory response. [*See* Obj. ¶ 4.] |
| 18 | Undisputed. | Undisputed. |
| 19 | Disputed. The deposition testimony cited by Defendant does not support | Defendant's Response: Plaintiff's Response cites evidence that lacks |

8738681.1 - 4 - DEFENDANT'S RESPONSE TO PLAINTFF'S STATEMENT OF GENIUNE ISSUES OF MATERIAL FACT

| | | |
|---|---|---|
| | this contention. As Mr. Tribble testified Stephen Black had advised him of previous failures of the SGDA product, though Mr. Tribble had not seen those customer returns himself. In its report to the Department of Justice following Mr. Tribble's False Claims Act Filing, Raytheon documented at least twelve (12) separate failure reports regarding the cracked epoxy or bent struts. Heidt Dep., 67:13-21, Krakow Decl., Ex. B. | foundation and thus is inadmissible. [*See* Obj. at ¶ 5.] Defendant further notes that this Fact is not at issue and not necessary for the purposes of the pending motion for summary judgment. |
| 20 | Disputed. Ms. Heidt understood that Mr. Tribble's report would have required Raytheon to report the problem to the United States government and to initiate corrective actions. Heidt understood that the lives of soldiers were at stake. Heidt Depo. 75:7 – 76:10, Krakow Decl., Ex. B. | Defendant's Response: Plaintiff's Response lacks foundation and mischaracterizes the cited evidence, which does not support Plaintiff's Response. Heidt Depo. at 75:7 – 76:10. [*See* Obj. at ¶ 6.] |
| 21 | Undisputed. | Undisputed. |
| 22 | Undisputed. | Undisputed. |
| 23 | Undisputed. | Undisputed. |
| 24 | Undisputed. | Undisputed. |
| 25 | Disputed. The deposition testimony | Defendant's Response: Plaintiff's |

| | |
|---|---|
| cited by Defendant (apparently beginning at page 51, not page 50) takes the term "ethical issue" out of context. The answer cited by Defendant as well as the following questions and responses reveal that Mr. Tribble took the term "ethical issue" to refer to his reports of mistreatment of him by Raytheon, not to Raytheon's ethical obligations to notify the United States government of and to correct the latent defect problem. Plaintiff Depo. at 51:19 – 52:7, Krakow Declaration, Ex. A. Ms. Heidt and Mr. Gale acknowledged that the term "latent defect" was understood by them to require action by Raytheon in order to determine the cause of a latent defect and to correct the problem. Heidt Dep. 13:5-7, Krakow Decl., Ex. B; Gale Dep., 24:4-13, Krakow Decl., Ex. C. Mr. Stephen Black, who had the job of providing mentoring and guidance to Mr. Tribble explicitly encouraged him to raise his | Response lacks foundation and mischaracterizes the cited testimonies of Ms. Heidt and Mr. Gale, which do not support Plaintiff's Response. Heidt Depo. at 13:5-7; Gale Depo. at 24:4-13. [*See* Obj. at ¶ 7.] |

| | | |
|---|---|---|
| | concerns loudly because lives were at stake. Heidt Depo. 74:7-75:9, Krakow Decl., Ex. B. | |
| 26 | Undisputed. | Undisputed. |
| 27 | Undisputed. | Undisputed. |
| 28 | Undisputed. | Undisputed. |
| 29 | Undisputed. | Undisputed. |
| 30 | Undisputed. | Undisputed. |
| 31 | Undisputed. | Undisputed. |
| 32 | Undisputed. | Undisputed. |
| 33 | Undisputed. | Undisputed. |
| 34 | Undisputed. | Undisputed. |
| 35 | Undisputed. | Undisputed. |
| 36 | Undisputed. | Undisputed. |
| 37 | Undisputed. | Undisputed. |
| 38 | Undisputed. | Undisputed. |
| 39 | Undisputed. | Undisputed. |
| 40 | Undisputed. | Undisputed. |
| 41 | Undisputed. | Undisputed. |
| 42 | Disputed. This testimony refers to anyone other than Mr. Gale, Ms. Heidt and Mr. Black as set forth in Separate Statement nos. 25-31, 39, and 40. | Undisputed. Fact 42 specifically states "any other Raytheon employee," referring to those other than Mr. Gale, Ms. Heidt, and Mr. Black. |
| 43 | Undisputed. | Undisputed. |
| 44 | Disputed in part. Although Plaintiff does not dispute that Ms. Thoms- | Defendant's Response: Nothing in Plaintiff's Response or his cited |

| | | | |
|---|---|---|---|
| | | Harrington made those statements, Mr. Gale admitted that a substantial part of the reason that Mr. Tribble had been placed on a performance improvement plan was Ms. Heidt's insistence that he remove Mr. Tribble from her programs on account of his report of a potential latent defect in the SGDA product. Gale Dep., 35:10-19; 38:18-24, Krakow Decl., Ex. C. Ms. Heidt described Mr. Tribble's use of the term "latent defect" as the "last straw" in her determination to remove him from her programs. Heidt Depo. 60:17 – 21, Krakow Decl., Ex. B. | evidence conflicts with Fact 44, and so that Fact remains undisputed. |
| | 45 | Disputed. Plaintiff was not considered eligible for an achievement award on account of Ms. Heidt's retaliation for Mr. Tribble's use of the term "latent defect." Gale Dep., 35:10-19; 38:18-24, Krakow Decl., Ex. C. | Defendant's Response: Nothing in Plaintiff's Response or his cited evidence conflicts with Fact 45, and so that Fact remains undisputed. |
| | 46 | Undisputed. | Undisputed. |
| | 47 | Undisputed. | Undisputed. |
| | 48 | Disputed in part. Although Mr. | Undisputed for the purposes of this |

8738681.1     - 8 -     DEFENDANT'S RESPONSE TO PLAINTFF'S STATEMENT OF GENIUNE ISSUES OF MATERIAL FACT

| # | | |
|---|---|---|
| | Gale did not finally implement Mr. Tribble's removal until January 2006 and March 2006, his decision was complete before the end of July 2005 and implementation was delayed only to identify and train a replacement. Gale Depo., 33:9 – 37:21; 28:20 – 29:9, Krakow Decl., Ex. C. | motion. |
| 49 | Undisputed. | Undisputed. |
| 50 | Undisputed. | Undisputed. |
| 51 | Undisputed. | Undisputed. |
| 52 | Disputed in part. Although making recommendations for testing customer returns was a stated part of Mr. Tribble's job, Ms. Heidt did not treat it that way. Rather she retaliated against Mr. Tribble for trying to locate a root cause of problems with Raytheon's night vision sensor systems. Deposition of Mostyn Gale, 35:10 – 19; 38:12 – 39:8; 46:18 – 47:25; 48:4 – 49:4, Krakow Decl., Ex. C; Heidt Dep., 60:17-21, Krakow Decl., Ex. B. | Defendant's Response: Nothing in Plaintiff's Response or his cited evidence conflicts with Fact 52, and so that Fact remains undisputed. Plaintiff's statement that Ms. Heidt "retaliated against Mr. Tribble for trying to locate a root cause of problems with Raytheon's night vision sensor systems" lacks foundation and mischaracterizes the cited testimonies of Ms. Heidt and Mr. Gale, which do not support Plaintiff's statement. Heidt Depo. at 60:17-21; Gale Depo. at 35:10-19; 38:12 – 39:8; 46:18 – 47:25; 48:4 – |

| | | |
|---|---|---|
| | | 49:4. [*See* Obj. at ¶ 8.] |
| 53 | Undisputed. | Undisputed. |
| 54 | Undisputed. | Undisputed. |
| 55 | Disputed. Ms. Heidt's insistence that Mr. Tribble be removed from the programs she supervised directly contributed to Mr. Tribble's selection for termination. Deposition of Mostyn Gale, 35:10 - 19; 38:12 - 39:8; 46:18 - 47:25; 48:4 - 49:4, Krakow Decl., Ex. C. | Defendant's Response: Nothing in Plaintiff's Response or his cited evidence conflicts with Fact 50, and so that Fact remains undisputed. Plaintiff's Response also lacks foundation and mischaracterizes the cited testimony of Mr. Gale, which does not support Plaintiff's Response. Gale Depo. at 35:10-19; 38:12 – 39:8; 46:18 – 47:25; 48:4 – 49:4. |
| 56 | Disputed. Although Neither Mr. Black nor Ms. Heidt were directly involved in the layoff selection ranking by Mr. Gale, Ms. Heidt's insistence that Mr. Tribble be removed from the programs she supervised played a direct and substantial role in the selection for layoff. Mr. Tribble would not have been the lowest ranked employee absent Ms. Heidt's retaliatory actions. Deposition of Mostyn Gale, 35:10 - 19; 38:12 - 39:8; | Defendant's Response: Nothing in Plaintiff's Response or his cited evidence conflicts with Fact 56, and so that Fact remains undisputed. Plaintiff's statement that he "would not have been the lowest ranked employee absent Ms. Heidt's retaliatory actions" also lacks foundation and mischaracterizes the cited testimony of Mr. Gale, which does not support Plaintiff's statement. Gale Depo. at 35:10-19; 38:12 – 39:8; 46:18 – 47:25; 48:4 – |

| | | |
|---|---|---|
| | 46:18 - 47:25; 48:4 - 49:4, Krakow Decl., Ex. C. | 49:4. [*See* Obj. at ¶ 9.] |
| 57 | Undisputed. | Undisputed. |
| 58 | Undisputed. | Undisputed. |
| 59 | Undisputed. | Undisputed. |
| 60 | Undisputed. | Undisputed. |
| 61 | Undisputed. | Undisputed. |
| 62 | Undisputed. | Undisputed. |
| 63 | Undisputed. | Undisputed. |
| 64 | Plaintiffs state law claim for wrongful discharge in violation of public policy is based on the False Claims Act. | First Amended Complaint ¶¶ 11-17. Defendant's Response: Plaintiff's Response is not supported by the cited evidence, which refers only to the False Claims Act. *Id.* |
| 65 | Aaron Tribble's investigation of a possible latent defect in the SGDA and his effort to isolate the root cause was reasonable and necessary. | Heidt Depo. at 59:15 – 60:15, Krakow Decl., Ex. B; Gale Depo. at 24:9 – 25:8, Krakow Decl., Ex. C. Defendant's Response: Plaintiff's Response that Plaintiff's investigation was "necessary" lacks foundation and mischaracterizes the cited testimony, which does not support Plaintiff's Response. [*See* Obj. at ¶ 10.] |
| 66 | The faulty epoxy in the component in which Mr. Tribble expressed he believed there was a latent defect | Heidt Depo. at 7:15-17; 8:1-5; 8:14-17, Krakow Decl., Ex. B. Defendant's Response: Plaintiff's |

| | | |
|---|---|---|
| | was part of an infrared heat sensor which is used in United States Government tanks for 'night vision." | statement lacks foundation and mischaracterizes the cited testimony, which does not support Plaintiff's characterization of the epoxy as "faulty." [*See* Obj. at ¶ 11.] |
| 67 | If there were problems with the night vision sensor product,…the life of American soldiers was at stake. | Undisputed. |
| 68 | Ms. Heidt decided to relieve Mr. Tribble of his responsibilities and Raytheon put him on a performance improvement plan because he had sent a power point presentation to Raytheon's manager for the night vision system, John Tank, stating that he believed the problem with the epoxy to be a latent defect in Raytheon's product. | Heidt Depo. at 60:17-21, Krakow Decl., Ex. B; Gale Depo. at 46:18-23; 47:9-13, Krakow Decl., Ex. C. Defendant's Response: Plaintiff's Response lacks foundation and mischaracterizes the cited testimony, which does not support Plaintiff's statements that Ms. Heidt decided to relieve Mr. Tribble of his duties or that Raytheon put him on a performance improvement plan because of his presentation. [*See* Obj. at ¶ 12.] |
| 69 | Ms. Heidt asked for Mr. Tribble to be removed from her program because he had asserted there was a latent defect in the product. | Gale Depo. at 35:10-19; 38:18-24, Krakow Decl., Ex. C. Defendant's Response: Disputed in part. Ms. Heidt did not ask for Plaintiff to be removed from her |

| | | |
|---|---|---|
| | | program solely of this issue. Before the presentation was drafted, Ms. Heidt had repeatedly requested that Plaintiff be reassigned because of, among other things, his poor technical writing abilities and lack of thoroughness and dedication. Heidt Depo. at 20:23 – 21:16, Supplemental Declaration of Terry E. Sanchez ("Supp. Sanchez Decl."), Exh. E. |
| 70 | Raytheon is required to report latent defects in its products sold to the United States Government. | Undisputed for the purposes of this motion. |
| 71 | Raytheon was required to report a latent defect in the SGDA sensor to the United States Government as part of its contract obligations. | Heidt Depo. 13:5-7, Krakow Decl., Ex. B. Defendant's Response: Plaintiff's Response lacks foundation and mischaracterizes the cited testimony, which does not support Plaintiff's Response. Heidt Depo. 13:5-7. [*See* Obj. at ¶ 13.] |
| 72 | Mr. Tribble's report of a potential "latent defect" was a contributing reason both for his immediate removal from the program and for his ranking for layoff in May, 2006. | Undisputed for the purposes of this motion. |

8738681.1 - 13 - DEFENDANT'S RESPONSE TO PLAINTFF'S STATEMENT OF GENIUNE ISSUES OF MATERIAL FACT

| | | |
|---|---|---|
| 73 | At the time of Mr. Tribble's termination, he was qualified to do the job of systems engineer. | Undisputed for the purposes of this motion. |
| 74 | One reason that Mr. Gale ranked Mr. Tribble the lowest for layoff was that Mr. Tribble had been on a performance improvement plan. | Undisputed. |
| 75 | Ms. Heidt's objections to Mr. Tribble's use of the term "latent defect" contributed to the decision to evaluate him as needing improvement and placing him in a performance improvement plan." | Undisputed for the purposes of this motion. |

DATED: September 4, 2009

MUNGER, TOLLES & OLSON LLP
BRAD D. BRIAN
TERRY E. SANCHEZ
TINA CHAROENPONG

By _____
TINA CHAROENPONG
Attorneys for Defendant
RAYTHEON COMPANY

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I, the undersigned, declare that I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California 90071-1560.

On September 4, 2009, I served upon the interested party(ies) in this action the foregoing document(s) described as: **DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE ISSUES OF MATERIAL FACT**

[X] By placing the original(s), a true and correct copy(ies) thereof, as set out below, in an addressed, sealed package(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

[ ] **BY PERSONAL SERVICE (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope to be delivered by hand to the office of the addressee by local courier service; and/or

[ ] **BY FEDERAL EXPRESS OVERNIGHT DELIVERY (AS INDICATED ON ATTACHED SERVICE LIST)** I delivered the sealed Federal Express envelope(s) to an employee authorized by Federal Express to receive documents, with delivery fees paid or provided for.

[ ] **BY Electronic Mail (AS INDICATED ON ATTACHED SERVICE LIST)** By sending a copy of said document by electronic mail for instantaneous transmittal.

[X] **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By causing to be sent a true and correct copy(ies) of said document via facsimile transmission. The transmission was reported as complete and without error. A true and correct copy of the machine's transmission report, indicating the date and time that the transmission was completed without error is attached to this proof of service and is incorporated herein by this reference. The telephone number of the facsimile machine I used was (213) 683-9510. This facsimile machine complies with Rule 2003(3) of the California Rules of Court.

[ ] (STATE) I declare under penalty of perjury that the foregoing is true and correct.

[X] (FEDERAL) I declare under penalty of perjury under the laws of the United States of America and the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 4, 2009, at Los Angeles, California.

*/s/ Marsha Oseas*
Marsha Oseas

6117324.1

- 1 -

PROOF OF SERVICE

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | *Aaron Tribble v. Raytheon Company* |
| 3 | CASE NO.: CV 07-3058 JFW (SHx) |
| 4 | |
| 5 | Marvin E. Krakow, Esq.<br>Alexander Krakow & Glick, LLP |
| 6 | 401 Wilshire Blvd., Suite 1000<br>Santa Monica, CA 90401 |
| 7 | |
| 8 | Email: mkrakow@akgllp.com |
| 9 | Tel: (310) 394-0888<br>Fax: (310) 394-0811 |
| 10 | Counsel for Plaintiff |
| 11 | |
| 12 | Phillip E. Benson, Esq.<br>Warren-Benson |
| 13 | 620 Newport Center Drive, Suite 1100<br>Newport Beach, CA 92660 |
| 14 | |
| 15 | Email: philbenson@warrenbensonlaw.com |
| 16 | Tel: (949) 721-6636<br>Fax: (949) 955-5177 |
| 17 | Co-counsel for Plaintiff |

6117324.1
Updated 8/11/09

- 2 -