UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AARON TRIBBLE,

    Plaintiff - Appellant,

v.

RAYTHEON COMPANY,

    Defendant - Appellee.

No. 09-56669

D.C. No. 2:07-cv-03058-JFW-SH
U.S. District Court for Central
California, Los Angeles

MANDATE

RECEIVED
CLERK, U.S. DISTRICT COURT
MAR - 8 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The judgment of this Court, entered February 14, 2011, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                        FOR THE COURT:

                        Molly C. Dwyer
                        Clerk of Court

                        Gabriela Van Allen
                        Deputy Clerk

**FILED**

FEB 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON TRIBBLE, | No. 09-56669 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-03058-JFW-SH |
| v. | |
| RAYTHEON COMPANY, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 9, 2011**
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and ZOUHARY, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jack Zouhary, District Judge for the U.S. District Court for Northern Ohio, Toledo, sitting by designation.

Plaintiff-Appellant Aaron Tribble ("Tribble") filed a complaint against his former employer Defendant-Appellee Raytheon Company ("Raytheon"), asserting two claims for relief: (1) retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h), and (2) wrongful termination in violation of public policy, a California state law tort. The district court granted Raytheon's motion for summary judgment on both claims. We affirm.

### a. Tribble's False Claims Act Retaliation Claim

"A plaintiff alleging a [False Claims Act] retaliation claim must show three elements: (1) that he or she engaged in activity protected under the statute; (2) that the employer knew the plaintiff engaged in protected activity; and (3) that the employer discriminated against the plaintiff because he or she engaged in protected activity." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).

The district court correctly concluded that Tribble was not engaged in protected activity under the False Claims Act because there is no evidence to suggest that Tribble had a good faith belief that Raytheon was "possibly committing fraud against the government." *Moore v. Cal. Inst. of Tech. Jet Propulsion Lab.*, 275 F.3d 838, 845 (9th Cir. 2002). Tribble's evidence merely shows that in the course of doing his job, he stated in a PowerPoint presentation

2

that a failed night vision unit returned by a South Korean customer may have had a latent defect and that further testing was necessary to determine the cause of the unit's failure. There is no evidence that Tribble took any additional steps to pursue the alleged latent defect after the submission of his PowerPoint presentation, nor that he believed Raytheon's failure to investigate the latent defect constituted fraud against the U.S. government.

Further, even if Tribble was engaged in protected conduct, Raytheon had no notice that Tribble was engaged in such conduct because Tribble never indicated to anyone at Raytheon that he was concerned about fraud or false claims against the U.S. government. Thus, the district court did not err in granting summary judgment in favor of Raytheon on Tribble's federal False Claims Act claim.

### b. Wrongful Termination in Violation of Public Policy

Tribble's state law tort claim alleged in his First Amended Complaint focuses entirely on the theory that Tribble was wrongfully terminated in violation of the policies underlying the False Claims Act. Tribble's attempt to argue at the summary judgment stage, and to this court, that he was wrongfully terminated in violation of the policies underlying Title 48 of the Code of Federal Regulations is impermissible under Federal Rule of Civil Procedure 8. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("[T]he Federal Rules of Civil Procedure

3

apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." (internal quotation marks and citation omitted)); *see also Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) ("Rule 8's liberal notice pleading standard . . . requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (citation omitted)).

Because Tribble's claim of wrongful termination in violation of public policy is a California state law claim, we apply California substantive law. *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000) ("[A] federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state . . . ."). Under California law, "when the . . . statute articulating a public policy also includes certain substantive limitations in scope or remedy, these limitations also circumscribe the common law wrongful discharge cause of action.

Stated another way, "the common law cause of action cannot be broader than the . . . statute on which it depends . . . ." *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1159 (1998). The district court correctly concluded that Tribble's "state law claim for wrongful termination in violation of public policy

4

[under the False Claims Act] fails for the same reasons as his [federal False Claim Act] claim fails."

**AFFIRMED.**